UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELLIE BLISS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:11 CV 1557 RWS |
| ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on a Report and Recommendation to deny the relief sought by Plaintiff Kellie Bliss in her Complaint.  Bliss seeks judicial review of the final decision of Commissioner Michael J. Astrue denying her application for Disability Insurance Benefits.  I referred this matter United States Magistrate Judge Frederick R. Buckles for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).  On August 29, 2012, Judge Buckles issued his recommendation that the Commissioner's decision to deny benefits be affirmed [#21].

On September 9, 2012, Bliss filed objections to Judge Buckles' Report and Recommendation [#22].  I have conducted a de novo review, and after careful consideration I will adopt and sustain the thorough reasoning of Judge Buckles.  Each of Bliss' objections is addressed below.

First, Bliss argues that the Magistrate Judge erred in finding the Administrative Law Judge ("ALJ") underwent the proper analysis in considering medical opinion evidence. Specifically, Bliss argues the ALJ erred in his determination not to give substantial weight to the opinions of treating physician Dr. Allen and consulting psychologist Dr. Leonberger.

The Magistrate Judge did not err in finding the ALJ properly analyzed the medical opinion evidence.  In accordance with the Regulations, the ALJ thoroughly explained the factors he considered in evaluating the opinions of Drs. Allen and Leonberger, and substantial evidence on the record as a whole supports the ALJ's determination to award their opinions little weight.  Because substantial evidence supports the ALJ's determination, it must be upheld, even if the record could also support an opposite decision.  Weikert v. Sullivan, 977 F.2d 1249, 1252 (8th Cir. 1992).  Accordingly, Bliss' first objection is denied.

Next, Bliss argues that there is no medical evidence which supports the specific conclusions of the residual functional capacity ("RFC") assessment.  A claimant's RFC is a medical question, and an RFC which is not supported by some medical evidence cannot stand.  Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).

The ALJ's RFC assessment is supported by some medical evidence.  Bliss may prefer that the ALJ had given more weight to the medical opinions of Drs. Allen and Leonberger, but as addressed above, the ALJ properly analyzed and explained the weight given to these opinions.  The ALJ discussed all of the relevant, credible evidence in the record, including specific medical facts, and he fully explained how the evidence informed his RFC assessment.  Because some medical evidence supports the ALJ's RFC assessment, it must be upheld, even if some evidence points in the other direction.  See Moad v. Massanari, 260 F. 3d 887, 891 (8th Cir. 2001).  Thus Bliss' second objection is denied.

After careful consideration, I will adopt and sustain the thorough reasoning of Magistrate Judge Frederick R. Buckles set forth in support of his recommended ruling in the Report and Recommendation of August 29, 2012 and will deny the relief sought by Bliss in her Complaint. Accordingly,

**IT IS HEREBY ORDERED that** the Report and Recommendation of the United States Magistrate Judge Buckles is **SUSTAINED, ADOPTED AND INCORPORATED** herein.

**IT IS FURTHER ORDERED that** the relief sought by Bliss in her Complaint [#1] is **DENIED**.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of February, 2013.